UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-22171-GAYLES

**RASHAD WOODSIDE**,

    Petitioner,

v.

**MIAMI RESIDENTIAL REENTRY OFFICE**,

    Respondent.
_____/

## ORDER DENYING 28 U.S.C. § 2241 PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court on Petitioner Rashad Woodside's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1]. Petitioner alleges that the Federal Bureau of Prisons ("BOP") has improperly refused to reduce his sentence based on First Step Act Time Credits ("FTCs") he earned while on home confinement. The Court has considered the Petition, Respondent's Response to the Court's Order to Show Cause, [ECF No. 7], and the record. Because the BOP has correctly calculated Petitioner's sentence, the Petition is **DENIED**.

**I.  BACKGROUND**

Petitioner is a federal prisoner serving a 170-month sentence following his guilty plea in the Middle District of Tennessee for conspiracy to possess with intent to distribute oxycodone, hydromorphone, oxymorphone, and buprenorphine. *See generally United States v. Woodside*, No. 13-cr-00097 (M.D. Tenn. 2013). He is currently on home confinement at the Residential Reentry Management Office in Miami, Florida, ("RRM Miami"), and his projected release date is March 30, 2026.[1]

---

[1] *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (search BOP Reg. Num. 01607-104) (last visited Aug. 5, 2024).

In his 28 U.S.C. § 2241 Petition, Petitioner contends that his projected release date should be sooner, "[s]ometime this year [in] 2024." [ECF No. 1 at 2]. He acknowledges that the BOP has already reduced his sentence by one year based on FTCs he earned while incarcerated. *Id*. But he "strongly believes there [are] more [FTCs] to be applied to [his] remaining sentence." *Id*. Petitioner claims that he has "earned approximately 510 days of [FTCs] while on home confinement and the BOP will NOT apply those credits off [his] sentence." *Id*.

The Government filed a Response, arguing that Petitioner has not exhausted his administrative remedies and that the BOP has applied the maximum allowable credits under the First Step Act. [ECF No. 7]. Petitioner did not file a Reply. The matter is ripe for review.

On September 21, 2023, Petitioner filed a § 2241 petition raising similar claims in Case No. 23-cv-23633-CMA.[2] Chief United States District Judge Cecilia M. Altonaga denied the petition, finding, in part, that "the BOP applied the maximum number of Federal Time Credits to [Petitioner's] release date[.]" *Woodside v. Voustinas*, No. 23-cv-23633-CMA, ECF No. 8 at 4, (S.D. Fla. Dec. 16, 2023).

II.   **LEGAL STANDARD**

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Under the saving clause of 28 U.S.C. § 2255(e), a federal prisoner may bring a habeas petition under § 2241 if "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." § 2255(e). Therefore, a petition under § 2241 is the appropriate vehicle for a federal prisoner "to challenge the execution of his sentence, such as the deprivation

---

[2] Petitioner's earlier petition raised two claims: he alleged that based on his excess FTCs, (a) his projected release date should be sooner and (b) his supervised release term should be shortened. *See Woodside*, No. 23-cv-23633-CMA, ECF No. 1 at 8–13. Here, Petitioner only claims that his projected release date should be sooner. He has abandoned his claim that his supervised release term should be shortened.

of good-time credits[.]" *McCarthan v. Dir. of Goodwill Indus. Suncoast, Inc.*, 851 F.3d 1076, 1092–93 (11th Cir. 2017). "It is the petitioner's burden to establish his right to habeas relief[,] and he must prove all facts necessary to show a constitutional violation." *Blankenship v. Hall,* 542 F.3d 1253, 1270 (11th Cir. 2008) (citation omitted).

### III.  DISCUSSION

As an initial matter, the Government contends that the Petition should be denied for failure to exhaust administrative remedies with the BOP. [ECF No. 7 at 2]. The Court opts to skip over the exhaustion issue, however, because the Petition can be more easily denied on the merits. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) ("because exhaustion is non-jurisdictional . . . a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question").

The First Step Act of 2018 ("FSA") allows federal prisoners to earn FTCs by participating in certain educational programs or other productive activities. *See* 18 U.S.C. § 3632(d)(4); 28 CFR § 523.40–42. Prisoners whom the BOP assesses to have a minimum or low risk of recidivism can receive 15 FTCs per every 30 days of participation in such programs. *See* 28 CFR § 523.42(c). Under the FSA, the Bureau of Prisons ("BOP") subtracts a prisoner's total FTCs from the length of his sentence to calculate his early release date. *See* 18 U.S.C. § 3624(g)(1)(A).

In addition, the BOP may place a prisoner in "prerelease custody," such as home confinement or a "community correctional facility," to prepare the prisoner for reentry into the community. *See* 18 U.S.C. § 3624(c)(1)–(2). Section 3632(d)(4)(C) provides that the BOP may apply a prisoner's FTCs to either lengthen his prerelease custody or transfer him to supervised release sooner. 18 U.S.C. § 3632(d)(4)(C); *see also Guerriero v. Miami RRM*, No. 24-10337, 2024 WL 2017730, at *1 (11th Cir. May 7, 2024). Under § 3624(g)(3), however, the BOP may not apply

more than one year's worth of FTCs towards early transfer to supervised release. 18 U.S.C. § 3624(g)(3); *see also* 28 C.F.R. § 523.44(d)(3) ("The [BOP] may apply FSA Time Credits toward early transfer to supervised release under 18 U.S.C. § 3624(g) only when . . . [t]he application of FSA Time Credits would result in transfer to supervised release no earlier than 12 months before the date that transfer . . . would have otherwise occurred.").

In his Petition, Petitioner concedes that the BOP has already applied one year's worth of FTCs towards his March 30, 2026 projected release date. [ECF No. 1 at 2]. But he argues that he is entitled to an even earlier release date because he earned an additional 510 days of FTCs while on home confinement. *Id*. Petitioner avers that he participated in "BOP approved work while on home confinement" for approximately 34 months and that, because he has a "minimum" risk of recidivism, he is entitled to approximately 17 months, or 510 days, of additional FTCs. *Id*. at 9.

This argument is refuted by the plain language of the FSA, which, as mentioned, provides that "the [BOP] may transfer the prisoner to begin any such term of supervised release at an earlier date, *not to exceed 12 months*, based on the application of [FTCs]." 18 U.S.C. § 3624(g)(3) (emphasis added). The Eleventh Circuit recently confirmed this understanding of the FSA in *Guerriero*, affirming the district court's finding that the BOP had "applied the maximum 12 months' worth of [FTCs] allowed by the FSA to begin [the petitioner's] term of supervised release." 2024 WL 2017730, at *1. There, as here, the petitioner "acknowledge[d] that 365 days of [FTCs] ha[d] already been applied towards his sentence," but he argued that he was entitled to additional FTCs. *Id*. at *2 The Eleventh Circuit disagreed, holding that "[t]he FSA's plain language does not entitle him to claim more than that." *Id*. Here, as Chief Judge Altonaga previously found, "the BOP has applied the maximum number of Federal Time Credits to Petitioner's projected release date." *Woodside*, No. 23-cv-23633-CMA, ECF No. 8 at 5.

Petitioner's arguments to the contrary miss the mark. He claims that the BOP has narrowly construed the FSA to deprive him (and other similarly situated federal prisoners) of FTCs earned (a) while on home confinement and (b) prior to January 15, 2020, the date the BOP began "phasing in" the time credits provisions of the FSA. [ECF No. 1 at 5–13]. These arguments are irrelevant because even if Petitioner did earn additional FTCs while on home confinement or prior to January 15, 2020, he has been credited with the maximum allowable FTCs under the statute. Petitioner does not dispute that the plain language of the FSA forecloses his ability to receive more than 365 days' worth of FTCs towards his release date. Accordingly, Petitioner's claim for an earlier release date based on additional FTCs is without merit.

IV.   **CONCLUSION**

For the foregoing reasons, it **ORDERED AND ADJUDGED** that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DENIED**.[3] The Clerk is **DIRECTED** to **CLOSE** this case and **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of August, 2024

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   **Rashad Woodside**, *pro se*
01607-104
RRM Miami
Residential Re-Entry Office
Inmate Mail/Parcels
401 N Miami Avenue
Miami, FL 33128

Counsel of record

---

[3] The Court need not issue a certificate of appealability ("COA") because "a federal prisoner who proceeds under § 2241 does not need a COA to [appeal]." *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).